VRP:FTCA:ROSE:ANSWER.WPD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNICE ROSE and<br>CHARLES ROSE, her husband,<br>Plaintiffs | : | |
| V. | : | Civil Action No. 02-CV-4675 |
| UNITED STATES OF AMERICA<br>Defendant. | : | |

**ANSWER**

Defendant, United States of America, by and through its attorneys, in answer to the Complaint, states as follows:

**FIRST DEFENSE**

In answer to the allegations of the Complaint, Defendant avers and states as follows in response to the enumerated paragraphs:

**FIRST COUNT**

1. Admitted.

2. Admitted.

3. Denied. It is expressly denied that plaintiffs' damages, if any, were caused by the negligent, reckless or careless act of the defendant or its employee.

4. Denied, including all subparts A through H. It is expressly denied that plaintiffs' damages, if any, were caused by the negligent, reckless or careless act of the defendant or its employee.

5. Denied. It is expressly denied that plaintiffs' damages, if any, were caused by the negligent, reckless or careless act of the defendant or its employee. The defendant is without

sufficient information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 5 and therefore denies same.

6. The Defendant denies the allegations contained in paragraph 6, except that it admits that Bernice Rose filed a claim for damages with the Department of Veterans Affairs on November 8, 2001 which claim was denied on April 11, 2002.

The allegations set forth in the paragraph following paragraph 6 of the Complaint constitute Plaintiffs' prayer for relief to which no response is required. To the extent however, that the allegations are deemed to be allegations of material fact, they are denied.

**SECOND COUNT**

1. Defendant incorporates by reference its responses to each and every allegation of the First Count as if fully set forth herein.

2. Admitted.

3. Denied. It is expressly denied that plaintiffs' damages, if any, were caused by the negligent, reckless or careless act of the defendant or its employee. The defendant is without sufficient information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 3 and therefore denies same.

The allegations set forth in the paragraph following paragraph 3 of the Second Count constitute Plaintiffs' prayer for relief to which no response is required. To the extent however, that the allegations are deemed to be allegations of material fact, they are denied.

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action by plaintiff Charles

Rose due to his failure to present an administrative tort claim to the agency prior to filing suit.

**SECOND DEFENSE**

Any damages sustained by the Plaintiffs were solely and proximately caused by the carelessness, recklessness, and negligence of Plaintiff Bernice Rose.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their own comparative negligence.

**FOURTH DEFENSE**

The injuries, damages and losses alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of any employee of Defendant.

**FIFTH DEFENSE**

The Defendant did not fail to discharge any duty owed to the Plaintiffs.

**SIXTH DEFENSE**

Pursuant to 28 U.S.C. § 2675 (b), Plaintiffs are barred from recovering an amount greater than that claimed in the administrative process.

**SEVENTH DEFENSE**

Plaintiffs are not entitled to a jury trial under the provisions of the Federal Tort Claims Act. 28 U.S.C. § 2402.

**EIGHTH DEFENSE**

Pursuant to 28 U.S.C. § 2674, Plaintiffs are prohibited from recovering any amount of prejudgment interest from Defendant.

VRP:FTCA:ROSE:ANSWER.WPD

**NINTH DEFENSE**

Attorneys fees are limited by statute as set forth in 28 U.S.C. § 2678.

Federal Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses, and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant prays that Plaintiffs takes nothing by way of their Complaint, that the same be dismissed with Defendant's costs of suit incurred in consequence thereof, and for such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

VIRGINIA R. POWEL
Assistant United States Attorney
PA I.D. No. 32230
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Phone: (215) 861-8263
Facsimile: (215) 861-8349

Dated: October 2, 2002

VRP:FTCA:ROSE:ANSWER.WPD

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer was mailed postage pre-paid on October 2, 2002, to the following:

Lawrence W. Saltzman, Esquire
O'Donnell, O'Hara & Saltzman, LLC
1931 Nottingham Way
Trenton, NJ 08619

______________________________
VIRGINIA R. POWEL
Assistant United States Attorney