VR ' A.ROSE:INTERROG1.WPD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNICE ROSE and CHARLES ROSE, her husband, Plaintiffs** | : | |
| **V.** | : | **Civil Action No. 02-CV-4675** |
| **UNITED STATES OF AMERICA Defendant.** | : | |

**UNITED STATES' FIRST SET OF INTERROGATORIES**
**DIRECTED TO PLAINTIFF BERNICE ROSE**

Defendant, the United States of America, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds and serves the following written Interrogatories to be answered under oath within thirty (30) days from the date of service hereof. These Interrogatories shall be deemed continuing so that supplemental answers shall be provided forthwith upon the information becoming available.

1. State your full name, date of birth, present residence address, occupation, social security number, and any other names by which you have ever been known.

2. Please identify each person whom you expect to call as an expert witness at the trial of this action, further stating:

(a) the subject matter on which each such expert is expected to testify;

(b) the substance of the facts and opinions to which each such expert is expected to testify; and

(c) the summary of the grounds for each such opinion.

3. Identify by name and address all physicians or other health care practitioners, including but not limited to, mental health care professionals (such as psychiatrists and

GOVERNMENT EXHIBIT A

psychologists) who have rendered you medical advice, care and/or treatment for any reason from January 1, 1993 to the date of your response hereto, and please complete a release for each provider (a copy of which is attached hereto).

4. Please describe in detail all injuries, both psychological and physical which you claim to have suffered as a result of the incident alleged in the complaint in this action, stating the parts of your body so affected, the severity of such injuries, ailments, or pains, and how long each lasted and the nature and extent of any injuries alleged to be permanent.

5. With respect to each and every occasion on which you visited any medical practitioner, hospital, clinic, or other institution, for examination or treatment, in regard to any injury, illness or disability which you claim to have sustained or suffered as a result of the incidents alleged in the complaint, and with respect to any period in which you were confined as an in-patient, to any hospital, clinic or other institution set forth in detail:

(a) The name and address of each such medical practitioner, hospital, clinic or institution and the date of each visit and/or period of each confinement.

(b) State whether or not charges by any medical practitioners have been paid, and, if so, when and by whom payment was made.

6. (a) Have you ever filed any other suit for damages for any personal injury, illness or disability suffered by you?

(b) If so, state, with respect to each suit, (1) when suit was filed, the name of the court in which suit was filed and the nature and extent of the injury, illness or disability for which damages were sought, (3) the circumstances in which the injury, illness or disability occurred, (4) the ultimate disposition of such suit, including the amount of any settlement of

judgment, and (5) if such action is still pending, state the present status thereof.

7. (a) Have you ever filed a claim under any workmen's compensation law on account of any industrial or other injury, illness or disability for which you sought an award of workmen's compensation benefits?

(b) If so, state with respect to each such claim, (1) when, where and against whom such claim was asserted, (2) the nature and extent of the injury, illness or disability for which claim was made, (3) the circumstances in which the injury, illness or disability occurred, (4) the names and addresses of the physicians examining you in connection with such workmen's compensation proceedings, (5) the amount and date of each award, (6) if yo are still receiving compensation benefits, the aggregate amount of the compensation payments already received and the amount of any further payments are weekly, monthly or otherwise, and (7) if any such claim was disposed of by lump sum settlement or award, the amount of such settlement or award, when it was made and the name of the governmental board or agency.

8. (a) Has any investigation of the incident alleged in the complaint been made by you or your attorney or any employee of yours or any other person on your behalf or by any other person or organization?

(b) If your answer is in the affirmative, state the name and address of each such person or organization conducting each such investigation and the date or dates thereof.

(c) If the results of any investigation have been reduced to writing, state when, where and by whom writing was made and the name and addresses of the person or organization now having possession or custody thereof.

9. Do you have automobile insurance. If the answer is yes, provide the name,

address and policy number for the coverage and indicate whether you elected the low or high tort option.

10. For the ten year period preceeding your accident until the present, please provide the names and addresses of your employers, the dates of employment with each, your title, your annual salary or hourly wage and your reason for leaving each place of employment.

11. State whether you claim to have suffered any lost wages as a result of not being able to attend to your usual employment and how such loss is computed and if you are making a claim for loss of future earning capacity as a result of the incident alleged in the complaint, state the amount claimed for loss of earning capacity and how said amount was computed.

12. Itemize in detail the basis for your computation of the amount of damages for which judgment is sought in your complaint in this action.

14. Provide the names and addresses of any witnesses to the incidents alleged in the complaint.

15. Provide a list of any and all debts that you owe to the United States or any of its agencies.

16. For any company providing you with health or disability insurance within the past ten years, please provide the following:

(a) The name and address of the insurer;

(b) The name and address of the policy holder; and

(c) The policy number, and when applicable, the plan identifier.

17. State whether during the 10-year period prior to the date of the incident alleged in the complaint, you sustained any injury, illness or disability? Give the nature of the injury,

illness or disability, date(s) of treatment(s), place(s) of treatment(s), result of treatment(s) and extent of residual injury or disability..

18 (a) Other than as stated elsewhere in answer to these interrogatories, have you ever been examined and/or treated and/or evaluated for any social, mental, emotional, psychiatric, or psychosomatic problem or problems of like kind.

(b) If so, state for each (1) the type of problem involved; (2) its cause; (3) explain what led you to seek treatment and/or examination and/or evaluation, including but not limited to stating whether you did so voluntarily (explain the nature of any non-voluntary matter); (4) the nature of the treatment and/or examination and/or evaluation; (5) the name and address of any person referring you for treatment and/or examination and/or evaluation; (6) the name and address of the person treating and/or examining and/or evaluating you; (7) the results of any such treatment and/or examination and/or evaluation; (8) what tests were administered to you in each instance together with their results; (9) the duration of the treatment for each problem; (10) the length of time it took for each evaluation or examination; (11) whether you still suffer from the problem; (12) the prognosis for the problem.

19 (a) Have you ever been involved in an accident of any kind after the incident upon which this suit is based?

(b) If so, state with respect to each such accident, (1) the nature of the accident, (2) the place and date on which the injury, illness or disability occurred, (3) the circumstances in which the injury, illness or disability occurred, (4) the nature and extent of the injury, illness or disability for which damage was sought, (5) if suit was commenced, when it was filed, the name of court in which it was filed and the names of all the parties thereto, (6) the

ultimate disposition of such suit, including the amount of any settlement or judgment, and (7) if such action is still pending, state the present status thereof.

20. Please state fully and in complete detail all that the defendant did or failed to do which in any way caused or contributed to cause the alleged occurrence.

21. Please describe the alleged occurrence in complete chronological detail, stating everything that you did and everything that happened to you:

(a) from the time a few minutes immediately before the alleged occurrence to and including the time of the alleged occurrence; and

(b) from the time of the alleged occurrence until you reached home or received medical treatment.

22. Please state every act or omission on the part of the defendant which you allege constitutes negligence and as to each state:

(a) the manner in which each such act and/or omission caused or contributed to cause the alleged occurrence,

(b) the date and place of each such act and/or omission,

(c) the statute, rule, regulation, or procedure on which the plaintiff will rely.

23. If you claim that the negligence of any other person or persons contributed to cause your alleged injury or damage, please state their name or names and the manner in which they contributed to cause your injury or damage.

24. Please state your familiarity with the premises at or near the place of the alleged occurrence, indicating the extent of your knowledge of the area and the number of times you had been there within the month prior to the alleged occurrence.

25. If there were any obstructions to your view as you approached the scene of the alleged occurrence, please describe each such obstruction in detail.

26. With respect to the lighting and lighting conditions at the time of the alleged occurrence, about, above or within the location of such occurrence, please:

(a) describe the lighting conditions as fully and completely as you can,

(b) state whether the lighting conditions included artificial or natural light, or both, indicating which.

27. Please describe the alleged occurrence in complete chronological detail, stating everything that you did and everything that happened to you:

(a) from the time a few minutes immediately preceding the alleged occurrence to and including the time of the alleged occurrence,

(b) from the time of the alleged occurrence until you reached your home or received medical treatment.

Respectfully submitted,

PATRICK L. MEEHAN
UNITED STATES ATTORNEY

VIRGINIA R. POWEL
Assistant United States Attorney

VRP:FTCA:ROSE:INTERROG1.WPD

# CERTIFICATE OF SERVICE

I do hereby certify that service of the within interrogatories and request for production was made upon:

Lawrence W. Saltzman, Esquire
O'Donnell, O'Hara & Saltzman, LLC
1931 Nottingham Way
Trenton, NJ 08619

by hand delivery on February 4, 2003.

VIRGINIA R. POWEL
Assistant United States Attorney

V?P:FT.:/:ROSE:REQPROD1.WPD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNICE ROSE and CHARLES ROSE, her husband, Plaintiffs** | : | |
| **V.** | : | **Civil Action No. 02-CV-4675** |
| **UNITED STATES OF AMERICA Defendant.** | : | |

**UNITED STATES' FIRST REQUEST FOR DOCUMENTS**
**DIRECTED TO PLAINTIFF BERNICE ROSE**

It is requested that the following be produced for inspection and copying at the office of the United States Attorney, 615 Chestnut St. Philadelphia, PA 19106. All requests include any and all documents in your possession, irrespective of whether they were created by you or others.

1. All medical records, surgical records, mental illness records, x-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the plaintiff's physical, medical or mental conditions, illnesses or disabilities, including but not limited to those doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is the plaintiff's contention that such physical, medical or mental conditions, illnesses or disabilities were caused in any way by the defendant or any agent or employee of the defendant:

(a) for a period of five years before and up to the date of the occurrence alleged in the plaintiff's Complaint,

(b) for a period of time commencing on the date of the occurrence alleged in the plaintiff's Complaint up to and including the present date.

2. With regard to any medical or hospital records of the plaintiff referred to in Paragraph 1 above which are in existence but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute authorizations to each doctor or hospital where records exist, to allow the defendant to obtain and examine copies of said records.

3. All employment records relating in any way to the plaintiff, whether employed or self-employed, the records relating to the fact and duration of unemployment, the records of Workers' Compensation, Unemployment Insurance, Welfare and applications for assistance from any governmental agency because of unemployment or ill health, and all income records for a period of five years prior to the time of the occurrence alleged in the plaintiff's Complaint up to and including the present date.

4. With regards to any employment records referred to in the preceding paragraph which are in existence but are not physically in the possession or custody of the plaintiff or the plaintiff's attorney, but which are in the plaintiff's control, the defendant requests that the plaintiff execute authorizations to allow the defendant to obtain and examine copies of said records.

5. True and complete copies of Federal Income Tax Returns for the years 1992 to date, and all copies of W-2 or other forms transmitted by all employers or by other persons or entities and reflecting payments made for the same tax years.

6. All photographs taken of the accident scene, sketches or diagrams relating in any way to the allegations of the plaintiff's Complaint.

7. Please provide all documents created by or for you (with the exception of those created by or under the direction of your attorney), including but not limited to any letters, diary entries, notes or memoranda of conversation, calendar entries, or notes memorializing any conversations or events related to your accident.

VRP:FTCA ROSE:REQPROD1.WPD

8. Copies of all reports filed and/or completed concerning the accident for which this action has been brought and any and all statements, signed or unsigned, written, oral or transcribed, which were taken or given by the Defendant, the agent, servant or employee of the Defendant and all statements made by witnesses.

9. Please provide copies of any experts' reports in the possession, custody and/or control of the Plaintiff that may in any way relate to this accident, either directly or indirectly and a copy of the experts' curriculum vitae.

10. To the extent not previously provided, please execute a release for each medical provider identified in response to the preceding interrogatories.

11. Originals or copies of all bills or statements, paid or unpaid, rendered by any other person or entity, for charges of physicians, surgeons, therapists, hospitals, sanitaria, x-ray, laboratories or other institutions, for services rendered or medicines, drugs or appliances furnished on account of bodily injuries claimed.

12. Copies of any and all reports filed with or completed by the said Defendant concerning this accident with any governmental agency, whether the same be Federal, state or local, that are in the possession, custody and/or control of the said Plaintiff.

13. Copies of all reports made by the Plaintiff to the Plaintiff's insurance carriers or agents concerning the accident for which this action has been brought.

14. Copies of any and all cancelled checks, money order receipts, or any other receipts for payment which relate to the damages allegedly sustained by the plaintiff.

15. Please provide all documents to which you referred or upon which you relied in answering the above interrogatories to the extent not supplied in response to the preceding document request.

16. Executed authorization for the release of plaintiff's tax records in the form attached hereto as Exhibit A.

17. Executed authorization for the release of plaintiff's employment records in the form attached hereto as Exhibit B.

18. Execute the attached authorization form for submission to treating and/or diagnosing physicians and/or therapists in the form attached as Exhibit C.

Respectfully submitted,

PATRICK L. MEEHAN
UNITED STATES ATTORNEY

Virginia A. Gibson/sdb

VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

VIRGINIA R. POWEL
Assistant United States Attorney

VRP... ...LQI-POD1.WPD

**CERTIFICATE OF SERVICE**

I do hereby certify that service of the within interrogatories and request for production was made upon:

Lawrence W. Saltzman, Esquire
O'Donnell, O'Hara & Saltzman, LLC
1931 Nottingham Way
Trenton, NJ 08619

by hand delivery on February 4, 2003.

VIRGINIA R. POWEL
Assistant United States Attorney

Form **8821** (Rev. December 1995) Department of the Treasury Internal Revenue Service

# Tax Information Authorization

OMB No. 1545-1165
For IRS Use Only
Received by:
Name
Telephone ( )
Function
Date / /

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on line 7.)

Taxpayer name(s) and address (Please type or print.)

Social security number(s)

Employer identification number

Daytime telephone number ( )

Plan number (if applicable)

**2 Appointee**

Name and address (Please type or print.)
VIRGINIA R. POWEL, ASST. U.S. ATTORNEY
615 Chestnut Street - Suite 1250
Philadelphia, PA 19106

CAF No.
Telephone No. (215) 861-8263
Fax No. (215) 861-8349
Check if new: Address ☐ Telephone No. ☐

The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on line 3.

**3 Tax Matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | |
| | | |
| | | |

**4 Specific Use Not Recorded on Centralized Authorization File (CAF).**—If the tax information authorization is for a specific use not recorded on CAF, check this box. (See **Line 4—Specific use not recorded on CAF** on page 2.) . . . . . . . . ▶ ☐
**Do not use lines 5 and 6 if the line 4 box is checked.**

**5 Disclosure of Tax Information** (you must check one of the following unless box 4 is checked):

**a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box. This will cause copies of all computer-generated notices to be sent to the appointee . . . . . . ▶ ☐

**b** If you do not want any copies of notices or communications sent to your appointee, check this box . . . . . . . ▶ ☒

**6 Retention/Revocation of Tax Information Authorization.**—This tax information authorization automatically revokes all earlier tax information authorizations on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior tax information authorization, check this box . . . . . . . . . ▶ ☒
**You MUST attach a copy of any tax information authorization you want to remain in effect.**

**7 Signature of Taxpayer(s).**—If a tax matter concerns a joint return, either husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods covered.

▶ **IF THIS TAX INFORMATION AUTHORIZATION IS NOT SIGNED AND DATED, IT WILL BE RETURNED.**

Signature ........ Date ........ Title (if applicable)

Print Name

Signature ........ Date ........ Title (if applicable)

Print Name

**Privacy Act and Paperwork Reduction Act Notice.**—We ask for the information on this form to carry out the Internal Revenue laws of the United States. Form 8821 is provided by the IRS for your convenience and its use is voluntary. If you choose to designate an appointee to inspect and/or receive confidential information, under section 6109 you must disclose your social security number (SSN) or your employer identification number (EIN). The principal purpose of this disclosure is to secure proper identification of the taxpayer. We also need this information to gain access to your tax information in our files and properly respond to your request. If you do not disclose this information, the IRS may suspend processing the tax information authorization and may not be able to fill your request until you provide the number.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: **Recordkeeping,** 7 min.; **Learning about the law or the form,** 11 min.; **Preparing the form,** 22 min.; **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Tax Forms Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001. **DO NOT** send Form 8821 to this address. Instead, see **Filing the tax information authorization** on page 2.

TO: [employer] ______________________
[address] ______________________
[city state zip] ______________________

RE: (Name) ______________
(DOB) ______________
(SS#) ______________

AUTHORIZATION

I hereby waive all confidentiality rights and authorize the United States Attorney's Office or their representative to inspect, obtain information from and/or receive copies of any and all employment records, including but not limited to salary history and/or compensation history, my application for employment, job description, separation from employment including any reasons for separation, all incident reports relating to any injuries sustained by me while on duty or in the scope of my employment, and any "workers compensation" or similar type compensation paid or denied me due to any injuries sustained by me in the course of my employment. Release of said records shall be made in connection with the above-captioned lawsuit, and shall be used only for purposes of said action.

______________________
PRINT NAME

DATE: ______________

______________________
SIGNATURE

TO: ______________________ ________
_________________________________
_________________________________

RE: NAME: ______________________
DOB : ______________________
SSN : ______________________

AUTHORIZATION FOR MEDICAL
RECORDS, REPORTS AND BILLS

I hereby waive all confidentiality rights and authorize the above-addressee to furnish the United States Attorneys Office with any and all records concerning my treatment, including, but not limited to, notes of treatment, progress notes, evaluations, inpatient or out-patient records, correspondence of any kind concerning said patient, referrals and/or any reports received from referrals, insurance information, doctors' orders, prescriptions, nurses notes, x-ray reports, x-rays, history intake notes, memoranda, index cards, all bills paid or unpaid, and any other information relating to any examination or treatment rendered to me. I understand that the information to be released includes information regarding the following condition(s):

☐ Drug Abuse

☐ Alcoholism or Alcohol Abuse

☐ Infection with Human Immunodeficiency Virus (HIV)

☐ Sickle Cell Anemia

Release of said records shall be made in connection with the above-captioned lawsuit, and shall be used only for purposes of said action.

AUTHORIZATION: I certify that this request has been made freely, voluntarily and without coercion and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this authorization at any time, except to the extent that action has already been taken to comply with it. Redisclosure of my medical records by those receiving the above authorized information may not be accomplished without my further written consent. Without my express revocation, this consent will automatically expire (1) upon satisfaction of the need for disclosure (2) on ______________________(date supplied by patient); or (3) under the following condition(s):

______________________________
PRINT NAME

DATE: ________________

______________________________
SIGNATURE

V:RP:FTCA:ROSE:REQPROD1.WPD

AUTHORIZATION FOR RELEASE OF RECORDS

I, ______________________________, hereby authorize

____________________________________________________________
(Name of Physician, medical institution, pharmacy or other care provider)

to give the United States Attorney and his assistants any and all documents including but not limited to medical, psychiatric, dental and hospital records (for example, medical reports, documents referring to visits, care and treatment rendered and prescriptions, and bills) which are in the possession, custody, or control of ____________________________.

Signed:

______________________________     ____________________
                                    DATE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNICE ROSE and** | : | |
| **CHARLES ROSE, her husband,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **V.** | : | **Civil Action No. 02-CV-4675** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant.** | : | |

VERIFICATION

I certify that I have read the foregoing Requests for Production and have provided full and complete responses to them to the best of my ability pursuant to the dictates of Federal Rules of Civil Procedure 34.

________________________________

Date: ______________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNICE ROSE and** | : | |
| **CHARLES ROSE, her husband,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **V.** | : | **Civil Action No. 02-CV-4675** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant.** | : | |

## VERIFICATION

I certify that I have read the foregoing Interrogatories and have provided full and complete responses to them to the best of my ability pursuant to the dictates of Federal Rules of Civil Procedure 33.

______________________________

Date: ____________________